UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DUSTIN RANDALL,<br><br>Defendant. | Case No. 2:18-cr-00303-JCM-EJY<br><br>**ORDER** |

Before the Court is Defendant Dustin Randall's Motion to Resolve Discovery Dispute (ECF No. 67). The Court has considered Defendant's Motion, the Government's Response (ECF No. 68), and Defendant's Reply (ECF No. 71). The Court finds as follows.

**I.     BACKGROUND**

Defendant seeks an order from the Court requiring certain digital evidence in the possession and control of the United States Attorney's Office ("USAO") to be provided to his expert who is located in Sioux Falls, South Dakota. The expert, Computer Forensic Resources ("CFR"), has its offices in the city of Sioux Falls and has dedicated office space located in a secure area of the USAO in the same city. ECF No. 67-1. Defendant's expert has a developed and agreed upon procedure for reviewing digital evidence in the USAO office in Sioux Falls. *Id*. *compare* ECF No. 68 asserting nothing to the contrary. Defendant contends that the digital evidence the Government has made available in Las Vegas, Nevada, should be produced to the USAO in Sioux Falls for Defendant's expert's review. Defendant argues that COVID-19 has made his expert's travel to Las Vegas to review this material impracticable, if not virtually impossible, rendering the evidence unreasonably unavailable for review, and that this fact, coupled with the protocol outlined in Exhibit A to Defendant's Motion, renders the request consistent with established law. Thus, Defendant concludes, the Motion should be granted.

The Government responds to Defendant's Motion stating that digital evidence at issue was first made available to Defendant in September 2018, Defendant's Motion seeks more than the law

requires, Defendant is at the sentencing phase of his criminal proceedings potentially rendering the law requiring the Government to make digital evidence reasonably available to Defendant inapplicable, and that it was Defendant's choice to hire an expert in South Dakota.  He could have hired a Las Vegas based expert, which would have mooted the need for Defendant's request.

**II.    DISCUSSION**

The law at issue in this discovery dispute is found at 18 U.S.C. § 3509(m) and states, in pertinent part:

> (m) Prohibition on Reproduction of Child Pornography.
> (1) In any criminal proceeding, any property or material that constitutes child pornography (as defined by section 2256 of this title) shall remain in the care, custody, and control of either the Government or the court.
> (2)(A) Notwithstanding Rule 16 of the Federal Rules of Criminal Procedure, a court shall deny, in any criminal proceeding, any request by the defendant to copy, photograph, duplicate, or otherwise reproduce any property or material that constitutes child pornography (as defined by section 2256 of this title), so long as the Government makes the property or material reasonably available to the defendant.  (B) For the purposes of subparagraph (A), property or material shall be deemed to be reasonably available to the defendant if the Government provides ample opportunity for inspection, viewing, and examination at a Government facility of the property or material by the defendant, his or her attorney, and any individual the defendant may seek to qualify to furnish expert testimony at trial.

The specific issues before the Court are whether (a) 18 U.S.C. § 3509(m) applies to this dispute at all given that Defendant has pleaded guilty and the evidence is sought for purposes of preparing for sentencing, and (b) if the statute does apply, the evidence was made reasonably available to Defendant.

The Court found no case law interpreting whether 18 U.S.C. § 3509(m) applies to the sentencing phase of criminal proceedings.  That is, there is no law stating section 3509(m) does or does not apply to such proceedings.  However, a criminal sentencing is logically a criminal proceeding and, on this basis alone, it appears that Section 3509(m) applies to Defendant's sentencing.  Moreover, the plain language of 3509(m)(1) uses the words "[i]n *any* criminal proceeding."  Any criminal proceeding includes sentencing proceedings as supported by various cases such as *Shaw v. Henderson*, 430 F.2d 1116, 1118 (5th Cir. 1970) (citing *Mempa v. Rhay*, 389 U.S. 128 (1967) for the proposition that "appointment of counsel is required at every stage of a criminal proceeding where substantial rights of a criminal accused may be affected, and …

reaffirming the notion that sentencing is such a stage"); *United States v. Alcantara,* 396 F.3d 189, 199 (2d Cir. 2005) (in which the court found a qualified First Amendment right of access to criminal trials encompasses a qualified right to attend sentencing proceedings); and, *S.E.C. v. Monarch Funding Corp.,* 192 F.3d 295, 297 (2d Cir. 1999) (stating "[t]he question before us on this appeal, one of first impression, is whether findings made in a criminal sentencing proceeding may preclude relitigation of an issue in a subsequent civil case"). That Section 2(B) of 18 U.S.C. § 3509(m) uses the word "trial" at the end of a long sentence does not change the Court's interpretation of this statute. Subparagraph 2(B) makes clear, through its language "[f]or the purposes of subparagraph (A)," that it is merely defining the phrase "reasonably available" appearing in subparagraph (A) and not limiting the applicability of 3509(m) to trials. In fact, to read the totality of 18 U.S.C. § 3509(m) one limited to criminal trials only would render the word "*any,*" which appears before the words "criminal proceeding" found in subsection 1 and 2(A) of the statute, a nullity. Courts should reject interpretation of statutes that would render any provision surplusage or a nullity. *County of Santa Cruz v. Cervantes,* 219 F.3d 955, 961 (9th Cir.2000).

This Court's interpretation of Section 3509(m) is further confirmed by the decision in *United States v. Jarman,* 687 F.3d 269, 271 (5th Cir. 2012), which states that "[t]he statute further states that the material *is* 'reasonably available' at a government facility as long as the government provides 'ample opportunity' for the defendant to inspect, view, and examine the material." The decision in *Jarman* does not limit applicability to trials. In fact, when discussing subsection 3509(m)(2)(B) it omits the use of the word trial, which appears in the statute. Thus, the contention that 18 U.S.C. § 3509(m) does not apply to Defendant is rejected by the Court.

Given that Defendant's criminal sentencing is a criminal proceeding, that Section 3509(m) applies to any criminal proceedings, and that the duty to make material reasonably available includes ample opportunity for the defendant to inspect, view or examine material for any criminal proceeding, the Court also rejects the proposition that Defendant's guilty plea changes the analysis of whether Defendant has had ample opportunity to view and examine the materials at issue. That is, whether sentencing follows a guilty plea or trial does not impact the requirements imposed on the Government under section 3509(m).

1    The Court now turns to whether the evidence Defendant seeks to have sent to the USAO in Souix Falls, South Dakota was made reasonably available to Defendant, with ample opportunity to inspect, view and examine in Las Vegas or if the statute, as applied to the current case and specific circumstances in which this issue arises, requires more.  The Court notes that the COVID 19 pandemic and consequential restrictions on travel and hotel accommodations are extraordinary, unforeseen, and outside Defendant's control.  The current restriction and business closures hinder the ease with which Defendant's expert may travel to and stay in Las Vegas for purposes of review and examination of the digital material available locally.  In fact, it is not entirely clear that Defendant's expert could do so at all.  Of course, and in contrast, the current limiting impact of COVID 19 did not interfere with travel or local accommodations until March 2020, and the digital data at issue has been available since September 2018.  Defendant does not state why the data was examined at no time prior to March 2020.

The Court finds, however, that even with the availability of the digital data at issue dating back to September 2018, Defendant did not enter a change of plea until January 15, 2020, and his sentencing was not set for June 2020 until that date.  Defendant's Motion was filed on March 17, 2020, just as state and local governments began issuing closure of essential businesses and stay-at-home orders.  *See*, for example: https://www.carsonnow.org/story/03/20/2020/sisolak-orders-all-non-essential-businesses-close-warns-criminal-penalties-noncompl;    http"//www.businessinsider.com/san-francisco-coronavirus-stay-home-order-what-can-i-do-2020-3 (San Francisco announced on Monday that <u>all residents were required</u> to "shelter in place" from March 17 until April 7 to help slow the spread of the coronavirus); https://nypost.com/2020/03/17/shelter-in-place-order-could-hit-nyc-heres-what-it-means/.  The circumstances in this case are therefore distinguishable from the circumstances present in *United States v. Battaglia*, No. 5:07cr0055, 2007 WL 1831108, at *4–6 (N.D. Ohio June 25, 2007) (finding that the time restrictions, inconvenience and expense associated with multiple trips to inspect child pornography evidence at an offsite location "do not amount to the deprivation of an 'ample opportunity' to view, examine, or inspect the material").  The current circumstances are also distinguishable from those in *Jarmon* in which the court rejected the

contention that "inconvenience to the expert or complexity of the case" equates to "a failure to make child pornography evidence reasonably available." 687 F.3d at 271.

In 2015, the U.S. District Court for Eastern District of California decided *United States v. Mitchell*, 128 F.Supp.3d 1266 (E.D. Cal. 2015). The discussion of Section 3509(m) in *Mitchell*, and the meaning of "ample opportunity," is the most complete the Court found. First noting that the Ninth Circuit "does not require 'that the defendant and the government have *equal access* to the child pornography evidence,'" the court went on to discuss a defendant's opportunity for inspection, viewing and examination. *Id*. at 1272 (citing *United States v. Wright*, 625 F.3d 583, 616-17 (9th Cir. 2010)) (emphasis in original), *and* at 1273-75. Discussing *United States v. Knellinger*, 471 F.Supp.2d 640, 649-50 (E.D. Va. 2007), the court in *Mitchell* reiterated that "technical expert witnesses are a necessary component of the assessment and representation of a viable legal defense." *Id*. at 1273. The court further reiterated that the Ninth Circuit in *Wright* rejected the definition of "ample opportunity" as one that allows the defendant "the opportunity to conduct whatever—what examination the defense has determined is necessary." *Id*. at 1274. Going on to discuss the facts and circumstances of the case the court was then deciding, the court distinguished its case from *Knellinger* finding the defendant's expert had "viewed the evidence a total of 21 times over a period exceeding one year, and that neither the defendant nor either of his two experts ha[d] … raised any objections or concerns to the … case agents regarding their access to the evidence during that period." *Id*. The inability of the government to satisfy the demands of one of defendant's two experts did not establish that the government failed to make the evidence (a hard drive) reasonably available. *Id*. Thereafter, the court in *Mitchell* discussed the findings in numerous other court decisions and joined "the majority of courts … narrowly construing § 3509(m), focusing on 'reasonable availability' as a threshold matter, while limiting the definition of 'ample opportunity' to that which provides access to what is reasonably necessary to satisfy due process without requiring whatever examination the defense determines is necessary." *Id*. at 1275.

Applying the reasoning and individualized assessment analyzed and discussed in *Mitchell*, the Court cannot ignore that this is an extraordinary time with extraordinary circumstances impacting many aspects of society including, but clearly not limited to, the rights of criminal defendants.

Ordinarily, due process would be satisfied by requiring Defendant's expert, who is in Sioux City, South Dakota, to travel to Las Vegas to view, inspect, and examine the digital materials in the Government's possession at the secure location chosen and made reasonably available by the Government. That is, irrespective of expense, location or convenience, Defendant's choice to engage an out-of-state expert would not render materials unavailable; nor would the travel requirement, expenses or inconvenience lead to the outcome that the U.S. Attorney failed to meet the ample opportunity requirement. However, the Court make its instant decision given the totality of facts and circumstances impacting *this* case at *this* time.

The historic availability of evidence in this case does not cure the due process concerns the Court has with respect to Defendant's ability to properly prepare for criminal sentencing, which is, as stated above, a criminal proceeding. The timing of that need arose only after January 15, 2020 when Defendant entered a plea. ECF No. 64.[1] The Court agrees that Defendant's guilty plea, after completing a bachelor's degree at UNLV, is not a basis to grant or deny Defendant's request. The issue instead, is whether, even with a narrow view of Section 3905(m)'s requirements, Defendant's due process rights are satisfied if documents subject to Section 3905(m) are not made available to Defendant's expert in Sioux City.

In this extraordinary setting of COVID 19, the Court errs on the side of due process and finds the issues presented at this time distinguish the case distinguishable from *Wright* and *Mitchell*. This is a fact and circumstance specific determination. But for the limitation on travel impacting the accessibility of the materials available in Las Vegas, the Court's decision would likely have been to the contrary.

**III.    ORDER**

Accordingly, and based on the totality of the facts and circumstances present in this criminal proceeding set for sentencing on June 16, 2020,

IT IS HEREBY ORDERED that the United States of America, U.S. Attorney's Office for the District of Nevada, shall provide the forensic and digital evidence, currently available at the

---

[1] Defendant explains that he first sought agreement from the USAO in Las Vegas on March 9, 2020, 90 days before Defendant's scheduled sentencing.

6

ICAC Task Force Office in Las Vegas, Nevada, which is subject to 18 U.S.C. § 3509(m), to the U.S. Attorney's Office in Sioux City, South Dakota, for inspection, examination, and viewing by Defendant's expert.  The evidence shall be made available in a secure location in Sioux City, agreed upon by the U.S. Attorney for the District of Nevada, and shall be pursuant to an agreement or stipulation similar to, and otherwise acceptable to, the District of Nevada U.S. Attorney the form of agreement provided to the Court at ECF No. 67-2.

IT IS FURTHER ORDERED that the Government's Motion to File a Surreply (ECF No. 73) is DENIED as moot.

DATED:  April 15, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE