UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>DUSTIN RANDALL,<br><br>Defendant(s). | Case No. 2:18-CR-303 JCM (EJY)<br><br>ORDER |

Presently before the court is Dustin Randall's ("defendant") motion to resolve discovery dispute. (ECF No. 67). The United States of America ("the government") filed a response (ECF No. 68), to which defendant replied (ECF No. 71).

Magistrate Judge Youchah granted defendant's motion. (ECF No. 76). The government appealed that order (ECF No. 77), and defendant responded (ECF No. 79).

**I.    Background**

On September 26, 2018, a grand jury indicted defendant on one count of receipt of child pornography and one count of distribution of child pornography. (ECF No. 16). On January 15, 2020, defendant pleaded guilty to both counts without a plea agreement. (ECF No. 64). In preparation for sentencing, defendant retained Computer Forensic Resources ("CFR"), a Sioux Falls-based expert, to review the digital evidence in this case. (ECF No. 76 at 1).

Defendant asked the court to order the government "to produce all forensic and digital evidence in this case to the U.S. Attorney's Office in Sioux Falls, South Dakota, so that [CFR] can view the material there and without having to travel to Las Vegas." (ECF No. 67 at 1). The government argued that 18 U.S.C. § 3509(m) specifically prohibits such a request because the forensic and digital evidence in question contains child pornography. (ECF No. 68). Judge

**James C. Mahan**
**U.S. District Judge**

Youchah granted defendant's motion in light of COVID-19 and its attendant travel restrictions, acknowledging that "[b]ut for the limitation on travel impacting the accessibility of the materials available in Las Vegas, the [c]ourt's decision would likely have been to the contrary." (ECF No. 76 at 6). The instant appeal of that order followed. (ECF No. 77).

## II.  Legal Standard

A district judge may affirm, reverse, or modify, in whole or in part, a magistrate judge's order, as well as remand with instructions. LR IB 3-1(b).

Magistrate judges are authorized to resolve pretrial matters subject to the district judge's review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); LR IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case under LR IB 1-3, when it has been shown the magistrate judge's order is clearly erroneous or contrary to law."). The "clearly erroneous" standard applies to a magistrate judge's factual findings, whereas the "contrary to law" standard applies to a magistrate judge's legal conclusions. *See, e.g.*, *Grimes v. Cty. of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991).

A magistrate judge's finding is "clearly erroneous" if the district judge has a "definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "[R]eview under the 'clearly erroneous' standard is significantly deferential." *Concrete Pipe & Prod. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 623 (1993). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *United States v. Desage*, 229 F. Supp. 3d 1209, 1213 (D. Nev. 2017) (quotation omitted).

## III.  Discussion

"[A]ny property or material that constitutes child pornography . . . shall remain in the care, custody, and control of either the [g]overnment or the court" pursuant to 18 U.S.C. § 3509(m)(1). Subsection 2 provides as follows:

> (A) Notwithstanding Rule 16 of the Federal Rules of Criminal Procedure, a court shall deny, in any criminal proceeding, any request by the defendant to copy, photograph, duplicate, or otherwise reproduce any property or material that constitutes child

**James C. Mahan**
**U.S. District Judge**

- 2 -

>pornography (as defined by section 2256 of this title), so long as the Government makes the property or material reasonably available to the defendant.
>
>(B) For the purposes of subparagraph (A), property or material shall be deemed to be reasonably available to the defendant if the Government provides ample opportunity for inspection, viewing, and examination at a Government facility of the property or material by the defendant, his or her attorney, and any individual the defendant may seek to qualify to furnish expert testimony at trial.

18 U.S.C. § 3509(m)(2).

Here, the point of contention is whether the government has made the evidence "reasonably available to the defendant." *Id.* The government made the evidence "reasonably available" if it provided defendant "ample opportunity for inspection, viewing, and examination" thereof. *Id.* If the government made the evidence reasonably available by providing ample opportunity for review, then § 3509(m)(2)(A) requires the court to deny defendant's request. *See Newman v. Chater*, 87 F.3d 358, 361 (9th Cir. 1996) ("Use of the word 'shall' generally indicates a mandatory intent unless a convincing argument to the contrary is made." (citations omitted)); *see also* 18 U.S.C. § 3509(m)(2)(A) (using the mandatory "shall deny").

Judge Youchah ruled that, "[i]n this extraordinary setting of COVID 19, the [c]ourt errs on the side of due process and finds the issues presented at this time distinguish the case distinguishable from *Wright* and *Mitchell*. This is a fact and circumstance specific determination." (ECF No. 76 at 6). And, to be sure, the pandemic has had an unprecedented impact on virtually every facet of daily life. But, as Judge Youchah also acknowledged, "the current limiting impact of COVID 19 did not interfere with travel or local accommodations until March 2020, and the digital data at issue has been available since September 2018. Defendant does not state why the data was examined at no time prior to March 2020." (ECF No. 76 at 4).

Under the clearly erroneous standard, "[t]he reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citing *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)). "To be clearly erroneous, a decision must ... strike [the court] as wrong with the force of a five-week

James C. Mahan
U.S. District Judge

- 3 -

old, unrefrigerated dead fish." *Ocean Garden, Inc. v. Marktrade Co.*, 953 F.2d 500, 502 (9th Cir. 1991) (quoting *Parts and Elec. Motors, Inc. v. Sterling Elec., Inc.,* 866 F.2d 228, 233 (7th Cir. 1988)).

Judge Youchah properly considered § 3509(m), thoroughly discussed cases interpreting the statute, and made a reasoned determination based on "the totality of facts and circumstances impacting *this* case at *this* time." (ECF No. 76 at 6 (emphasis in original)).

Thus, the court denies the government's appeal.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the government's appeal of Judge Youchah's order (ECF No. 77) be, and the same hereby is, DENIED.

DATED May 8, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -