UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DUSTIN RANDALL,<br><br>Defendant. | Case No. 2:18-cr-00303-JCM-EJY<br><br>**ORDER** |

Before the Court is the Government's Motion to Compel for [sic] Production of Expert Discovery or to Preclude Expert Evidence from Sentencing Hearing (ECF No. 85, hereinafter the "Motion" or the "Government's Motion"). The Court has considered the Motion, Defendant Dustin Randall's Response and Supplement to Response (ECF Nos. 87 and 88), and the Government's Reply (ECF No. 89).

**I.     BACKGROUND**

This is the second time this case has come before the Court on issues pertaining to Defendant's upcoming sentencing set for August 18, 2020. In the present Motion, the Government contends that "bedrock principles of fairness" require Defendant to produce an expert "report" along with "raw testing data, scoresheets, worksheets, notes, protocols, test question materials, any result summaries and interpretative reports, and underlying facts and data supporting the expert's opinion." ECF No. 85 at n.1. The Government says that (1) it has "provided defense with a written summary of the forensics examination conducted" (*id.* at 2), (2) "district courts have inherent authority to impose rules of procedure, including those governing discovery" (*id*. at 4), and (3) Fed. R. Crim. P. 16(b)(1)(B) requires Defendant to "permit the government, upon request, 'to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific test or experiment' if the item is within the possession of the defendant and the defendant intends to use the item, or call the witness who prepared the report, in his case-in-chief at trial." *Id*. (quoting portions of Rule 16(b)(1)(B)). The Government contends that Rule 16 applies to sentencing relying on death

1

penalty cases that are governed by the Federal Death Penalty Act ("FDPA"), Fed. R. Crim. P. 1(a)(5), Advisory Notes to Rule 16, and 18 U.S.C. § 3661. *Id*. and n.3.[1] Further, relying on Rule 16(b)(1)(C)(i), the Government contends that Defendant is required "to provide a written summary of any proposed expert testimony to be offered at trial." *Id*. at 4-5.[2]

The Government further argues that the Court should exercise its inherent authority to require Defendant to produce "materials of any expert he intends to call at sentencing because many of the policies underlying Rule 16 apply with equal force at sentencing." *Id*. at 5. The Government relies on *United States v. Catalan Roman*, 376 F.Supp.2d 108 (D.P.R. Jun. 7, 2005), for the propositions that the policies promoting "fair and efficient administration of justice" which avoid "surprise and ensur[e] … an informed sentencing determination" are advanced through "fair rules of disclosure analogous to those contained in Rule 16." *Id*. at 5 *citing Catalan*, 376 F.Supp.2d at 114.[3] Based on *Catalan*, the Government states that "[i]f Randall seeks to call an expert or submit an expert report for this Court's consideration at sentencing, it is only fair that he be required to provide the government sufficient notice of the related discovery materials." ECF No. 85 at 6. According to the Government, the five day notice, suggested by Defendant as all that is required pursuant to Local Rule, will be insufficient to allow the Government time to review and prepare a rebuttal expert report.

---

[1] For example, the Fifth Circuit case discussed by the Government is *United States v. Webster*, 162 F.3d 308 (5th Cir. 1998). The Court also notes that Rule 16(b)(1)(C)(ii) expressly applies to death penalty cases through incorporation of Fed. R. Civ. P. 12.2, which is also specific to cases in which an insanity defense is raised.

[2] Fed. R. Crim. P. 16(b)(1)(C)(i) states, in pertinent part, that "[t]he Defendant must, at the government's request, give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence *at trial* if: (i) the defendant requests disclosure under subdivision (a)(1)(G) and the government complies … ." (Emphasis added). Subsection (ii) of this Rule pertains only to the insanity defense pursuant to Fed. R. Civ. P. 12.2.

[3] The defendants in *Catalan* were charged with a variety of crimes including "the willful murder of a security guard." 376 F.Supp. 2d at 108. The Court's discussion of discovery occurred within a broader analysis of the FDPA, which "aspire[s] to a heightened standard of reliability." *Id*. at 111 (citations omitted). The court in *Catalan* also discussed 18 U.S.C. § 3593 pertaining to aggravating factors that may support a sentence of death. *Id*. (citations omitted). The court ultimately rejected the defendant's arguments that the terms of Rule 16 did not apply at the sentencing phase of a death penalty case because (1) "sentencing is part of one bifurcated trial," (2) fairness and the efficient administration of justice, together with avoiding surprise and ensuring an informed sentencing determination in a death penalty case "will contribute to the truth-seeking process, resulting in a more reliable sentencing determination," and (3) given the court's inherent authority in light of the "procedural gaps arising under the FDPA because of its silence regarding disclosure," courts are crafting their own "appropriate procedures … importing standard from the Federal Rules of Criminal Procedure." *Id*. at 113-115 (all internal citations and quote marks omitted). In sum, the Court concluded that "18 U.S.C. § 3593(c) [provides] a statutory basis to assert its inherent authority to require notice of any expert mitigation that defendant plans to offer during the penalty phase" of a death penalty case. *Id*. at 115 (citations omitted).

*Id*. For this reason, the Government contends Defendant should have to provide the Government its expert report and underlying data 30 days in advance of the sentencing hearing. *Id*. at 7.[4]

Finally, the Government contends the Court should preclude Defendant's expert evidence because the "[l]ate disclosures" deprives the Government of the ability to retain a rebuttal expert and deprives the Court of its ability "to examine the relevant evidence under 18 U.S.C. § 3661 and U.S.S.G. § 6A1.3(a)."[5] *Id*. at 9. The Government states that on the "day after" Defendant pled guilty (which was on January 15, 2020), it requested Defendant "disclose any expert they intend to call at sentencing by May 1, 2020." *Id*. at 3 and 9. The Government also states that this request was made not only to allow it to prepare for sentencing and obtain a rebuttal expert, but "to ensure the information Randall intended to provide has sufficient indicia of reliability." *Id*. at 9. The Government argues that Defendant completed a psychosexual evaluation prior to his guilty plea, but it has not yet been provided by Defendant despite the Government's request. *Id*. at 10. The Government states that *if* Randall intends to call the person who prepared this report, the report must also be disclosed. In conclusion, the Government "requests … the Court … order Randall to provide an indication of the form in which the evidence will be presented (i.e., [sic] through submission of report(s), testimony, or both) as well as to produce discovery related to any expert evidence at least

---

[4] The Government also argues that a decision by the Honorable George W. Foley (Ret.) in *United States v. Milne*, 2:17-cr-00178-APG-GWF, further supports its position. In *Milne*, Defendant produced a sentencing memorandum that included a sealed expert report. *Id*. at ECF No. 46 (Government's Brief) at 1-2. The Government asked the Court to provide "underlying testing materials, to include [sic] the raw test scores and data as well as question materials." *Id*. at 2. Citing virtually the same case law and asserting the same "bedrock principles of fairness" (*id*. at 1) asserted here, the Government asked the Court to order the defendant to produce the requested materials. In response, Defendant pointed out that his expert's reports included the defendant's scores on two personality inventories used by his expert (the MMPI-2-RF and Personality Assessment Inventory), the defendant produced the scantron sheets and score reports (generated by the test companies) for both tests administered, and provided the Government with the web links at which the Government could purchase the test-question booklets. *Id*., ECF No. 51 at 2. The court ultimately granted the Government's Motion to Compel "psychological testing materials" and entered a "protective order that the psychological testing materials are only to be used for Defendant's sentencing hearing." *Id*. at ECF No. 55.

[5] Section 6A1.3 of the United States Sentencing Guidelines pertains to the resolution of disputed factors "important to the sentencing determination." In such a circumstances, "the parties shall be given an adequate opportunity to present information to the court regarding that factor. In resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." *Id.* Section 3661 of United States Code 18 states that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."

3

30 days prior to sentencing.  Lastly, the government requests this Court preclude the admission of expert evidence that is not timely produced." *Id*. at 10.

In Response to the Government's Motion to Compel (timely filed on July 8, 2020), Defendant states that its computer forensic expert only just received all the encrypted information the Court previously ordered be made available; the expert had not yet had an opportunity to review the materials received; and, that only after all data is analyzed "will defense counsel be in a position to decide which reports, if any, to offer at sentencing and in what form to present the experts' findings and conclusions." ECF No. 87 at 4-5. Defendant further argues that he has a "constitutional right to present mitigating evidence at sentencing," courts may consider hearsay at a sentencing hearing,[6] "[d]ue process requires only that "some minimal indicia of reliability accompany a hearsay statement,"[7] and that this authority allows Defendant to choose to have no expert report at all, submit an expert report without calling an expert to testify or to both submit a report and have an expert testify.  ECF No. 87 at 7.  Defendant points the Court to Fed. R. Crim. P. 16.  *Id.* at 8.

Subsection (b)(1)(C) of Rule 16 pertains to what a defendant must disclose following the Government's request; that is, a defendant must "give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence … if … the defendant requests disclosure under subdivision (a)(1)(G) and the government complies … ."  Defendant argues that Rule 16 applies to trials (as does Fed. R. Evid. 705) and "Rule 16 explicitly deals with results or reports … ." *Id*. at 9.  Defendant cites to Fed. R. Crim. P. 32(f)(1), which allows a defendant to submit objections to a presentence report within 14 days after it is received, and subsection (i)(2) of this same Rule that allows the court to permit the introduction of "evidence on the objections."  The presentence report is due "at least 35 days before sentencing unless the defendant waives this minimum period." *Id*. at 32(e)(2).  Defendant points out that Rule 26.2 states that if a witness testifies, then the witness's written statements relating to the subject matter of the testimony will be disclosed.  ECF No. 87 at 9.  And, if the witness statement is not

---

[6] The introduction of hearsay at sentencing is not a debatable issue.  U.S.S.G. § 6A1.3(a); *United States v. Petty*, 982 F.2d 1365, 1367 (9th Cir. 1993); *see also U.S. v. Vanderwerfhorst*, 576 F.3d 929, 935 (9th Cir. 2009).

[7] Defendant cites *United States v. Henderson*, 699 F.App'x 715, 716 (9th Cir. 2017) for this proposition.  The court in *Henderson* is quoting *Petty*, 982 F.2d at 1369.

4

disclosed then "the court must not consider the witness's testimony." *Id*. at 10 (referring to Fed. R. Crim. P. 26.2(e)). Defendant states that these Rules "provide specific circumstances under which a party's decision to call a witness at sentencing would trigger discovery obligations … ." *Id*.

With respect to the cases on which the Government relies, Defendant distinguishes them all because these cases address expert testimony to be introduced at the penalty phase of death penalty cases. *Id* at 10-12. In *United States v. Webster*, the Court held, in pertinent part, that "Fed. R. Crim. P. 57(b) provides that where no law or rule is directly applicable, '[a] judge may regulate practice in any manner consistent with federal law, these rules, and local rules of the district.' The existence of the federal rules does not preempt this power[] if the rules do not exclude the exercise of the specific putative inherent power." 162 F.3d at 339 (citation omitted). The court in *Webster* goes on to state that, keeping the goals of FDPA in mind, "[i]f the federal courts have supervisory authority to formulate procedural rules not specifically required by the Constitution or the Congress to preserve the integrity of the judiciary by ensuring that a conviction rests on appropriate considerations validly before the jury, … , that authority must extend to the sentencing phase of a trial as well." *Id*. (citation and internal quote marks omitted). Defendant contends, and the Court agrees, that the two other cases relied on by the Government, *Catalan* discussed above, and *United States v. Beckford*, 962 F.Supp. 748 (E.D. Va. 1997), are also death penalty cases. ECF No. 87 at 11.[8]

Defendant argues that "Local Criminal Rule 32-1 requires the parties to submit sentencing memoranda 'at least five business days before the sentencing hearing, and any response to the sentencing memorandum must be filed and served at least three business days before the sentencing

---

[8] In *Beckford*, the Court stated "defendants further recognize the reciprocal discovery provisions of Rule 16(b)(1) relating to a defendant's *guilt phase* evidence [in a death penalty case] and do not contest that those obligations extend to evidence respecting mental condition." 962 F.Supp. at 753 (emphasis in original). In *Catalan*, the court repeatedly referred to the FDPA, and while the court found Rule 16 applies to the sentencing phase of death penalty cases, the court also found that 18 U.S.C. 3593(c) provides "a statutory basis [for the court] to assert its inherent authority to require notice of any expert mitigation that defendant plans to offer during the penalty phase, regardless of whether it concerns a mental condition under [Fed. R. Crim. P.] 12.2." 376 F.Supp.2d at 115. Defendant also addresses the Government's reliance on *United States v. Milne*, *supra* at n.4, explaining that in this case no psychological inventories will be used to evaluate Defendant and thus there is nothing of this nature to produce. ECF No. 87 at 13.

hearing.'" *Id*. at 14.[9] Nevertheless, Defendant states that he is "willing to produce any expert reports that will be offered at sentencing in advance of the current August 11th deadline, if possible." *Id*. at 14. Defendant concludes his argument by stating there is no authority upon which the Government relies to supports the Government's request that the Court preclude Defendant from offering expert reports at his sentencing. *Id*. at 15. Defendant states neither 18 U.S.C. § 3661 nor U.S.S.G. § 6A1 support the supposition that Defendant has any specific disclosure requirements. Likewise, Defendant argues Fed. R. Crim. P. 16 creates no expert disclosure obligations on a defendant before sentencing that would trigger the sanctions permitted under subsection (d)(2) of this Rule. Defendant also argues that the Government's reliance on *United States v. Ornelas*, 906 F.3d 1138 (9th Cir. 2018), is misplaced because the decision was based on enforcement of an earlier entered pretrial order that included dates by which experts were to be disclosed by both parties and, therefore, was not "an exclusionary sanction." *Id*. at 1150 (internal citations, brackets, and quote marks omitted) ("[t]he exclusion here … was no sanction. It simply enforced the district court's earlier pretrial order"). Here, Defendant argues "there is no [court-imposed] disclosure order or rule with which the defense has refused to comply …" ECF No. 87 at 16. Exclusion, in any event, "is generally too harsh for defense discovery violations and is generally appropriate only where the 'omission was willful and motivated by a desire to obtain a tactical advantage.'" *Id. citing United States v. W.R. Grace*, 526 F.3d 499, 515 (9th Cir. 2008 (citing *Taylor v. Illinois*, 484 U.S. 400, 415 (1988) and *United States v. Finley*, 301 F.3d 1000 (9th Cir. 2002)).

---

[9]  United States District Court for the District of Nevada LCR 32-1 states, in pertinent part, that "(a) [u]nless waived by the defendant, the probation officer must furnish the presentence investigation report referenced in Fed. R. Crim. P. 32 to the defendant, the defendant's attorney, and the Attorney for the United States at least 35 days before the sentencing hearing. (b) The parties must communicate in writing to each other and to the probation officer within 14 days after receiving the presentence investigation report any objections to the presentence investigation report that will affect the probation officer's recommendation to the court. … (c) The presentence investigation report and any addendum or revision must be submitted to the court at least seven business days before the sentencing hearing. (d) Any sentencing memorandum addressing unresolved objections to the presentence investigation report or other sentencing issues must be filed and served on opposing attorneys and the United States Probation Office at least five business days before the sentencing hearing, and any response to the sentencing memorandum must be filed and served at least three business days before the sentencing hearing."

## II. DISCUSSION

### A. The Government's Motion To Compel Is, At Best, Premature.

Federal Rule of Criminal Procedure 16, titled "Discovery and Inspection," provides the Court with overall guidance regarding what parties to a criminal case must provide to one another by way of expert discovery. Fed. R. Crim. P. 16(a)(1)(F) and (G) are applicable to the Government, and Fed. R. Crim. P. 16(b)(1)(B) and (C) are applicable to the defendant. The reciprocity appearing in these Rules starts with a presumption that the opposing party will make a request with which the receiving party complies. Fed. R. Crim. P. 16(a)(1)(F) ("Upon a defendant's request … ."; 16(a)(1)(G) ("At the defendant's request … ."); 16(b)(1)(B) ("If a defendant requests disclosure under Rule 16(a)(1)(F) and the government complies, the defendant must permit the government, upon request, to …"); 16(b)(1)(C) ("The defendant must, at the government's request, give to the government a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the [FREs] … if—(i) the defendant requests disclosure under subdivision (a)(1)(G) and the government complies."). Further, with respect to the defendant's obligations to disclose information, whether reports of examinations or tests, or a summary of expert testimony, the plain language of Rule 16(b)(1)(B) makes clear that this obligation arises *if* the defendant intends to *use* the report "in defendant's case-in-chief at trial" or intends to "call the witness who prepared the report" to testify. Rule 16(b)(1)(C) creates a defense obligation to disclose only a "written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial" if the defendant requested disclosure of government held information pursuant to Rule 16(a)(1)(G). The Court notes that the obligation to disclose reports themselves, if testimony relating to the subject matter of the report is offered, comports with the requirements of Rule 26.2 (regarding disclosure of a written statement relating to witness testimony).

Here, there is no dispute that on May 8, 2020, the Court ordered information requested by Defendant's expert, in possession of the Government, to be disclosed to that expert for review. ECF No. 80. The Government does not contest that Defendant's computer forensic expert did not receive all information from the Government until July 3, 2020. ECF No. 87 at 4 and *compare* ECF Nos. 85 and 89. There is also no dispute that there is no scheduling order in this case requiring the parties

to disclose expert reports or underlying information at all, let alone by some specific date. *See* docket, generally. There is also no Local Rule in the District of Nevada that speaks specifically to the disclosure of expert reports in criminal sentencing.

Defendant's sentencing is set for August 18, 2020 (ECF No. 83). Defendant states that once his expert reviews all computer forensic information, provided by the Government at Defendant's request, Defendant will decide what reports, if any, he will use at sentencing and in what format the information will be presented. ECF No. 87 at 5.

The Court finds that given defense expert's receipt of information just shortly before Defendant's response to the Government's Motion was due, Defendant's position is a fair one. First, there is no Rule or case law the Court could find, and none cited by the Government, that allows the Government to compel production of something the Defendant had not yet decided to use in any format. Thus, the request to compel is, as stated above, premature. Second, as Rule 16(b)(1)(B) states, a defendant must make available "results or reports … if … the defendant intends to use the item in the defendant's case-in-chief at trial, or [the defendant] intends to call the witness …"; and, subsection (C) requires a defendant provide a summary of expert testimony "the defendant intends to use … at trial."

In fact, the Government agrees with this proposition as it so stated in *United States v. Milne*, on which the Government relies (ECF Nos. 85 at 8-9 and 89 at 4-5 citing to *Milne*):

> [the defendant does] not have a to hire an expert, and even once hired, he did not have to provide the report to the Court if it was ultimately not favorable to his defense. As unfair as that sounds, there would be no way for the United States to even know that an evaluation had been done if the report had not been produced. But once it is produced, and submitted to the Court for any reason, it is critical to the truth-seeking function of the justice system that all available facts be presented … .

2:17-cr-00178-APG-GWF at 4-5. Thus, at a minimum, until Defendant decides to use expert reports, Defendant has no obligation to produce those reports or any data underlying them.

While this result is sound, it begs two questions: (1) Does Rule 16 even apply at the sentencing of a non-capital defendant or when the insanity defense is not raised?; and, (2) If Rule 16 does apply, when must disclosure required be made?

B.      Whether Rule 16(b) Applies to Sentencing of a Non-Capital Defendant is Not a Settled Question.

The law regarding the applicability of disclosure requirements under Rule 16 is not settled. Scouring case law, the Court found that the U.S. District Court for the Southern District of New York decided in 1999 that "[b]y operation of Rule 1, Fed. R. Crim. P., Rule 16(a)(1)(A), pertaining to a defendant's oral statements, applies to all criminal proceedings (including sentencing). *United States v. Carucci*, 183 F.R.D. 614 (S.D.N.Y. 1993). This, however, lends no real insight into whether the requirements of Rule 16(b) likewise applies to sentencing.

In *U.S. v. Pirosko*, 787 F.3d 358 (6th Cir. 2015), the court considered a motion to compel filed by the defendant (charged with crimes related to child pornography) asserting the right to materials pursuant to Fed. R. Crim. P. 16(a)(1)(E). *Id*. at 363. Ultimately, the court held that the defendant was not entitled to the documents he sought stating, among other things, that "[i]n interpreting the issue of materiality," Rule 16 of the Federal Rule of Criminal Procedure "applies only to 'shield' claims that 'refute the Government's arguments that the defendant committed the crime charged.'" *Id*. at 367 *citing United States v. Robinson*, 503 F.3d 522, 532 (6th Cir. 2007) (quoting *United States v. Armstrong*, 517 U.S. 456, 462 (1996)). The court in *Pirosko* went on to state that "[r]equests for discovery fall outside the scope of this provision if a defendant is 'not seeking the discovery to aid in the preparation of his defense,' but is 'attempting to obtain the discovery for the purpose of gathering materials to support various sentencing arguments.'" *Id*. at 367-68 *citing Robinson*, 503 F.3d at 532.

In *Robinson*, the court considered an appeal by the defendant in which he claimed that "the district court abused its discretion in denying his motions for sentencing discovery." *Robinson*, 503 F.3d at 531. Again, relying on Fed. R. Crim. P. 16(a)(1)(E), the court stated that defendant's right was limited to "a 'defendant's response to the Government's case in chief.'" *Id citing Armstrong*, 517 U.S. at 462. The court thereafter affirmed the lower court's decision because Robinson was not seeking information to aid his defense, but instead wanted information to support sentencing arguments. *Id*. at 532.

In 2018, the District Court for the Northern District of California, issued an opinion in which a defendant sought information from probation and the government for purposes of preparing for sentencing. *United States v. Worthing*, Case No. 12-cr-00300-CRB, 2018 WL 10322025, at *1 (N.D. Cal. Mar. 2, 2018). Citing to *Pirosko*, the court reiterated that "Rule 16 does not apply where a defendant is not seeking discovery to aid in the preparation for his defense, but is attempting to obtain discovery for the purpose of gathering materials to support various sentencing arguments.'" *Id.* (citing *Pirosko*, 787 F.3d at 367-68).

In *U.S. v. Sandavol*, Case No. 2:08-cr-00346 LKK, 2010 WL 624287, at *1 (E.D. Cal. Feb. 19, 2010), the government filed a motion for discovery pursuant to Fed. R. Civ. P. 16(b). The case had not yet gone to trial and the defendant did not oppose the government's motion. *Id*. The court noted that the defendant previously sought disclosure of information from the government pursuant to Fed. R. Civ. P. 16(a)(1)(E), with which the government had apparently complied, leading to defendant's obligation "to provide appropriate discovery within 21 days of Plaintiff's request …" *Id*. at *2 (citing Fed. R. Crim. P. 16(b)(1) and a local rule).

Finally, the only case the Court found decided by the District of Nevada, other than *Milne*, is *United States v. Georgievski*, Case No. 2:12-cr-0004-APG-GFW, 2017 WL 6626309 (D. Nev. Dec. 28, 2017). This case, however, dealt only with the inadequacies of defendant's expert disclosure. *Id*. A review of the Court's docket in this case demonstrates the issues with defendant's expert disclosure arose prior to trial of defendant, and that a prior order required the parties "to make expert disclosures that comply with Rule 16 no later than 30 days before" the trial. *See U.S. v. Georgievski*, 2:12-cr-00004-APG-EJY at ECF No. 1442 at 2.

The Court notes that the discussion above (including a review of the capital cases and Advisory Notes cited by the Government, the language of Fed. R. Crim. P. 16(b) and FRE 705 (both pertaining to trial), Rule 32(f)(1) governing the timing to object to a presentence report and 32(i)(2) allowing the introduction of evidence regarding the objections, and Rule 26.2 pertaining to the production of written statements following testimony), cites no authority that expressly speaks to whether Fed. R. Crim. P. 16(b) applies to sentencing in a non-capital case. The Court finds there are good arguments in favor of as well as against the application of Rule 16(b) to sentencing. While

the language of the Rule repeatedly refers to trial (each parties' case-in-chief and case-in-chief at trial), courts have uniformly applied Rule 16(b) to the sentencing phase of death penalty cases discussing the need for appropriate disclosures leading to full and fair sentencing hearings.

Here, Defendant agrees to "produce any expert reports that will be offered at sentencing in advance of the current August 11th deadline, if possible." ECF No. 87 at 14. Defendant similarly states: "the defense will disclose any expert reports on which it will rely at sentencing in advance of the sentencing hearing as required by the local rules. And defense counsel expects that these reports would include the necessary facts and data underlying them. To the extent the government believes any proffered reports do not contain appropriate support, it can argue the appropriate weight to be given the reports to the sentencing court." *Id*. at 9. Further, Defendant states he is not using personality inventory tests, and that his "expert psychological report will not rely on these inventories," thereby eliminating the issue discussed in *Milne*. *Id.* at 13. Together, these representations by Defendant lead the Court to find, in this case, an analysis of the applicability of Rule 16(b) unnecessary.

However, Defendant has not committed to making disclosures other than in accordance with Local Criminal Rule 32.1(d) in the apparent form of a "sentencing memorandum addressing unresolved objections to the presentence investigation report or other sentencing issues . . . business days before the sentencing hearing … ." While the disclosure of objections to a presentence report five days before a sentencing hearing is obviously sufficient time to allow the opposing party to respond, this Local Criminal Rule does not, on its face, suggest that this is also an appropriate amount of time for the disclosure of an expert report on which either party intends to rely at sentencing. Thus, the Court discusses the timing of disclosures as it applies to the facts of this case.

C. <u>The Timing Of Disclosures</u>.

There is no scheduling order in this case to which the parties agreed and, therefore, there is no Court-ordered deadline for disclosure of expert reports by either party. The Court next looks to Local Rule LCR 16-1 governing discovery procedures in complex and non-complex criminal cases. In this case, there is nothing suggesting that rules attaching to complex cases were applied. Thus, the content of LCR 16-1(b)(1), which provides rules pertaining to discovery in noncomplex criminal

cases, seems like a logical source for guidance on the timing of disclosures at issue. However, this Rule is silent with respect to the disclosure requirements for expert reports or testimony that will be offered at the sentencing phase of proceedings.

Again, while the defense asks the Court to be bound by LCR 32-1 that is specific to sentencing, this Rule addresses disclosure made solely as objections to a presentence report ("PSR") prepared by U.S. Pretrial Services. *Id.* Likewise, Fed. R. Crim. P. 32 speaks to objections filed in response to a PSR, and introduction of evidence the Court may allow. Neither of these Rules illuminates the requirements, if any, attached to a defendant's introduction of expert opinions that are not offered in support of objections to a PSR. Moreover, Defendant does not state (as Defendant may not yet know) that he will only use expert reports and opinions if necessary to object to the PSR prepared for him by U.S. Probation. These Rules, therefore, also do not provide an answer to when a defendant, who intends to use an expert report at sentencing other than in objection to a PSE, must (if at all) reveal that report to the Government ahead of the sentencing hearing.

The Government cries "bedrock principles of fairness" require the Court to compel Defendant to produce expert reports and related discovery 30 days in advance of the sentencing. If, however, the 30 day requirement the Government seeks were in fact a bedrock of fairness, one would expect to find case law in support of this "bedrock" or even a rule of criminal procedure requiring the time requirement the Government demands. But, the Government cites to neither rules nor case law establishing a 30 day advance disclosure requirement for experts in criminal sentencing. The Government instead states that this timing will "provide the Court with complete information as it will allow the government the time to adequately prepare for sentencing." ECF No. 85 at 7. The Government contends that Defendant's rejection of this timeframe should cause the Court to "pause" because this portends the Defendant's desire to provide only a "biased advocate's view of the facts rather than complete information as contemplated by 18 U.S.C. § 3661 and U.S.S.G. § 6A1.3(a)." *Id.* Of course, neither Sections 3661 nor 6A1.3(a), quoted above in n.5, include a timetable within which parties must disclose information that may be used in sentencing. Rather, the Sentencing Guidelines Section 6A1.3(a) states only that "the parties shall be given an *adequate opportunity to present information to the court* regarding" a factor impacting sentencing. (Emphasis added.) Thus,

1  this guideline does not even suggest there is some requirement that the parties in a criminal dispute
2  disclose information to one another.  Similarly, Section 3661 states only that there is "[n]o limitation
3  … on the information concerning the background, character, and conduct of a person convicted of
4  an offense which a court of the United States may receive and consider for the purpose of imposing
5  an appropriate sentence."  This too says nothing about the timing of disclosures.

6  The Court is empowered to fill in the gaps and use its supervisory authority to impose
7  deadlines based on the particular needs of the case.  *See Catalan Roman*, stating that while it is
8  unclear that Rule 16 extends to the sentencing phase of a death penalty case, "it is well-settled that
9  district courts have inherent power to make and enforce reasonable rules of procedure, including
10 disclosure rules."  376 F.Supp.2d at 113-115 (citing, among other cases, *Carlisle v. United States*,
11 517 U.S. 416, 425-26 (1996)); *see also* Fed. R. Crim. P. 57(b) ("A judge may regulate practice in
12 any manner consistent with federal law, these rules, and the local rules of the district.").
13 Unfortunately, in this case, there is little time left before Defendant is sentenced on August 18, 2020.
14 Defendant offers to extend the date for sentencing, but the Government is not required to agree to
15 such an extension, nor does the Government appear to want to extend the date for Defendant's
16 sentencing.  The Court must, therefore, determine what is reasonable based on the amount of time
17 between the date of this Order and August 18 to allow for the disclosure of expert witness reports, if
18 any, that will be introduced by Defendant at sentencing if an expert testifies or if the report will be
19 introduced without expert testimony, either of which are allowed.

20 Defendant's expert has now been in possession of all information to which the expert was
21 entitled since July 3, 2020.  The disclosure of expert reports, if any, 30 days after that information
22 was received is reasonable, thereby making the reports, if any, to be disclosed by or before August
23 3, 2020.  This will give the Government 15 days to consider the report(s).  No underlying testing of
24 Defendant was done, as stated by Defense Counsel, eliminating the need for discussion of underlying
25 data requested.  This disclosure schedule also obviates the Government's request to preclude expert
26 evidence for untimely disclosure.  The Court notes, however, that this request would have been
27 denied in any event as there was no prior order requiring disclosure by any specific date, and there
28 is no rule upon which the Government can rely to suggest an untimely disclosure.  The exclusionary

rule is a "drastic remedy" appropriate only "in cases involving 'willful and blatant' discovery violation" that are clearly not present here. *U.S. v. Peters*, 937 F.2d 1422, 1426 (9th Cir. 1991) (citation omitted).

### III.   ORDER

IT IS HEREBY ORDERED that the Government's Motion to Compel for [sic] Production of Expert Discovery or to Preclude Expert Evidence From Sentencing Hearing (ECF No. 85) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Defendant shall produce expert report(s), if any, that will be introduced at sentencing or prepared by a witness who will testify at sentencing on or before August 3, 2020 to the Assistant U.S. Attorney assigned to this case.

IT IS FURTHER ORDERED that if the Government intends to supplement or provide any expert evidence in rebuttal to Defendant's expert, such information shall be produced to Defense Counsel no later than August 13, 2020.

IT IS FURTHER ORDERED that the expert information disclosed pursuant to this Order shall be used solely for purposes of Defendant's sentencing and shall not be disclosed to any person or entity other than the Federal Public Defender and the U.S. Attorney assigned or those assisting the same in preparation for the sentencing in this matter.

IT IS FURTHER ORDERED that the hearing set for July 27, 2020 is VACATED.

Dated this 20th day of July, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE