NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada
Nevada Bar. No. 13644
BIANCA R. PUCCI
Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Bianca.Pucci@usdoj.gov
*Attorney for United States of America*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:18-cr-00303-JCM-EJY |
| Plaintiff, | |
| vs. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| DUSTIN RANDALL, | |
| Defendant. | |

**CERTIFICATION: The undersigned counsel certifies that this memorandum is timely filed**.

### I.   Introduction

Dustin Randall traded hundreds of child sexual abuse material over Kik messenger with other users. During just one of these trading sessions, he knowingly distributed over a hundred child pornography files and he received hundreds of child pornography files. These files included depiction of infants and toddlers as well as sadistic and masochistic conduct. Randall ultimately pleaded guilty to the offenses of *Receipt of Child Pornography* and *Distribution of Child Pornography*, without the benefit of a plea agreement. In consideration of all of the factors under 18 U.S.C. 3553(a), a sentence of 136 months is

sufficient but not greater than necessary to further the goals of sentencing. The government further requests a lifetime term of supervised release with the imposition all of the conditions proposed in the Presentence Investigation Report (PSR).

## II.   Statement of Facts and Procedural History

Between June 10th and 12th, 2017, Randall traded numerous files of child pornography with another person over the Kik web-based application.[1] As a result of the trading between Randall and the other user, Randall received one Mega link and four Dropbox links containing hundreds of images and videos of child pornography.[2] Randall also sent two Dropbox links that contained over one hundred files of child pornography to the other user.[3] Randall's trading was discovered when the other user sent an undercover agent child pornography in hopes of having sex with the undercover's purported five-year-old daughter.

Ultimately, a search warrant was executed at Randall's residence. Randall was advised of his *Miranda* rights and agreed to speak with investigators. Exhibit 2. During the course of the interview, Randall described child pornography as "kids that are under 18 . . . that are exploited sexually." Exhibit 2 at 18. Randall admitted to using Kik and that he received and sent child pornography on the Kik application "over the course of time." *Id.* at 21-25. Randall specifically admitted to "trading" child pornography "with people." *Id.* at 24. When asked how many people he traded with, Randall indicated that he did not know,

---

[1] The conversation is attached as Exhibit 1.
[2] Randall received a combined total of 382 videos and 319 images of child pornography, including two videos of infants being sexually exploited, as well as over 500 images and videos of age difficult/child erotica.
[3] One link that Randall sent contained 92 videos and 24 images of child pornography, including at least one image of bestiality and at least one video of sadistic and masochistic sexual exploitation of a child, as well as 295 files of age difficult/child erotica. Investigators were unable to obtain information for the second link.

but claimed it was it was "probably less" than ten. *Id.* at 26. Randall did not indicate it was with only one person.

Randall initially denied looking at the child sexual abuse images. *Id.* at 24. When questioned further, Randall indicated the child pornography images he sent were of girls, both of teenage and younger ages. *Id.* at 26. When asked if he masturbated to child pornography, Randall paused and then denied it. *Id.* at 27. However, investigators told Randall they took the pause to mean yes. *Id.* Randall mentioned the idea of speaking with an attorney and investigators stopped the interview. *Id.*

Randall re-initiated a conversation with investigators and Randall was given his *Miranda* rights again. Exhibit 3. Randall was asked if he masturbated to child pornography and he refused to answer the question. *Id.* at 3. During this second conversation, Randall again admitted to trading child pornography through Kik. *Id.* at 6. Randall indicated that he traded child pornography in June on his cell phone and that he had since deleted everything. *Id.* at 6, 8. At the end of the conversation, investigators again asked Randall about masturbating to child pornography, and Randall indicated that investigators were "on the right track." *Id.* at 10.

During the search warrant execution, six devices were seized including Randall's cell phone, laptop, and multiple thumb drives. A forensic examination of Randall's devices was completed and no child pornography was recovered from his devices.

On January 15, 2020, Randall pleaded guilty to *Receipt of Child Pornography* and *Distribution of Child Pornography*, as charged in the indictment, without negotiations. ECF Nos. 56, 64. The indictment charged Randall with the conduct beginning on a date unknown and continuing to on or about December 28, 2017. ECF No. 16. Despite pleading

guilty to the indictment as charged, Randall attempted to limit his conduct during his change of plea hearing to be from June 10 through June 12, 2017. ECF No. 56.

The parties received the PSR in April of 2019. In response, Randall objected to the period of his conduct as detailed in the indictment and again attempted to limit his conduct to the timeframe between June 10 and June 12, 2017. PSR at 29, Objection 1. Randall also attempted to minimize his conduct by claiming he did not trade child pornography in exchange for child pornography. PSR at 30, Objection 4.

Sentencing is currently scheduled for Wednesday, August 19, 2020, at 10:00 a.m. ECF No. 93.

### III.   Argument

The government respectfully requests a sentence of 136 months, followed by a lifetime term of supervised release. The goal of sentencing is to "'impose a sentence sufficient but not greater than necessary' to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed . . . correctional treatment." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (quoting 18 U.S.C. § 3553(a)). Among other factors, the Court should consider: "the nature and circumstances of the offense and the history and characteristics of the defendant;" and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a). A sentence of 136 months adequately furthers these goals, reflecting the seriousness of the offense and the debilitating effects the offense has on the child victims, deterring Randall from his criminal activities, promoting respect for the law, protecting the public,

avoiding sentencing disparities, and providing Randall with needed correctional treatment.

### A. The Applicable Sentencing Guidelines as Determined by U.S. Probation

The United States Probation Office calculated the advisory sentencing guidelines as follows:

| | |
|---|---|
| Base Offense Level (USSG § 2G2.2(a)(2)): | 22 |
| Material Involved a Prepubescent Minor (USSG § 2G2.2(b)(2)): | +2 |
| Distribution of Child Pornography for any Valuable Consideration (USSG § 2G2.2(b)(3)(B)): | +5 |
| Portrayal of Sadistic or Masochistic Conduct or Sexual Abuse of an Infant or Toddler (USSG § 2G2.2(b)(4)): | +4 |
| Use of a Computer (USSG § 2G2.2(b)(6)): | +2 |
| 600 or More Images (USSG § 2G2.2(b)(7)(D)): | +5 |
| **Adjusted Offense Level:** | **40** |
| Acceptance of Responsibility (USSG § 3E1.1(a)): | -2 |
| Timely Acceptance of Responsibility (USSG § 3E1.1(b)): | -1 |
| **Total Adjusted Offense Level:** | **37** |

The government agrees with the probation office's calculations as included above. The government also does not dispute the probation office's calculation of Randall's criminal history points, resulting in a Criminal History Category of I. Therefore, Randall's applicable guideline range is 210 months to 262 months. However, because the statutory maximum penalty for Counts One and Two is 20 years, the guideline range for each of those counts is capped at 240 months. The mandatory minimum for Counts One and Two is five years (60 months).

In response to the PSR, Randall objected to the five-level enhancement for distribution for a thing of value under USSG § 2G2.2(b)(3)(B). However, the Probation Office correctly applied the five-level enhancement under § 2G2.2(b)(3)(B) as Randall distributed child pornography in exchange for the child pornography he received. Trading child pornography for child pornography is distribution for a thing of value within the meaning of the guidelines. *United States v. Bonnett*, 872 F.3d 1045, 1047, (9th Cir. 2017) (holding trading child pornography for child pornography is distribution for a thing of value within the meaning of the guidelines); *see also United States v. Bender*, 290 F.3d 1279 (11th Cir. 2002) (holding trading child pornography for other child pornography is distribution for the receipt, or expectation of receipt, of a thing of value); *United States v. Gunderson*, 345 F3d 471 (7th Cir 2003) (finding persons who downloaded defendant's illegal images received valuable consideration because they could access his files only after they uploaded images to his hard drive). As demonstrated by Government's Exhibit 1, Randall distributed child pornography files to another user in contemplation of receiving other child pornography files back from the other user. Such distribution falls well within the scope of USSG § 2G2.2(b)(3)(B).

Indeed, Randall even expressly acknowledged that he was "trading" child pornography. During the seized chat, Randall discussed trading child pornography with another user. Exhibit 1. During their messages, Randall was asked if he could send more or different child pornography links and Randall stated "I don't *trade* with impatient mother fuckers." *Id.* (emphasis added). The following day, the other user offered Randall, "I have baby to trade." *Id*. In response, Randall sent a Dropbox link containing child pornography. *Id.* Although the messaging between Randall and the other user

appears to have occurred over a span of a couple of days, it makes clear that Randall knowingly distributed child pornography in order to obtain child pornography. *Id.*

This case is similar to *Bonnett*. 872 F.3d 1045. In *Bonnett*, the Ninth Circuit upheld the application of the "distribution for a thing of value" enhancement under § 2G2.2(b)(3)(B) where the defendant traded child pornography portraying young girls for child pornography portraying young boys. *Id.* at 1047. The Court indicated that "[t]he online reference to trading 'girl stuff' for 'boy stuff' are clearly indicative of such a trade, and one involving items of value." *Id.*

Just as in *Bonnett*, where the online reference was clearly indicative of trading, here, the online chat involving Randall is also clearly indicative of trading. Randall specifically discussed trading and, when offered to trade "baby," Randall sent a Dropbox link containing child pornography in response.

Additionally, Randall admitted to trading child pornography during both of his recorded interviews. Exhibits 2 and 3. Specifically, Randall stated in his interview with investigators, "I just was *trading* with people." Exhibit 2 at 24. (emphasis added). When asked how many people he would have traded child pornography with, Randall indicated he did not know, but probably less than ten. *Id.* at 26. Randall did not limit his trading to only one person. During his second interview, Randall again indicated he traded child pornography on his cell phone. Exhibit 3 at 6. As such, the § 2G2.2(b)(3)(B) enhancement applies.

B. **Defendant's Sentence**

The government respectfully requests a sentence of 136 months with lifetime supervision to follow, consistent with the probation office's recommendation. Such a sentence would be the equivalent of a four-level variance. The government agrees with

the probation office's evaluation of the factors under 18 U.S.C. § 3553(a) applicable to Randall and asserts that a sentence of 136 months imprisonment is sufficient but not greater than necessary to achieve the goals of sentencing.

Randall has pleaded guilty to receiving and distributing child pornography files. Specifically, Randall sent a Dropbox link that contained 92 videos and 24 images of child pornography. In those distributed child pornography files, investigators located at least one image of bestiality and at least one video of sadistic and masochistic child pornography. Randall also received one Mega link and multiple Dropbox links containing a total of 382 videos and 319 images of child pornography. In those received child pornography files, investigators recovered at least two videos of infants being sexually exploited. In total, Randall's child pornography files amounts to 35,893 images.[4]

Randall traded links of child pornography in exchange for links of child pornography on his cell phone. This was not an isolated incident or mistake. In Randall's own statements from the Kik chats and during his interview, Randall traded with more than one person and on more than one occasion. Indeed, Randall indicated in the seized Kik chat that he had been trading as part of a "group" that was active the day prior to his conversation with the other user. Randall's actions demonstrate a progression from other users who distribute and receive more anonymously over peer-to-peer networks in that it appears Randall developed some form of a trusted network of people sharing his perversion for pedophiliac content. Such groups can be more difficult for law enforcement to infiltrate, as demonstrated by the fact that efforts to identify and

---

[4] Pursuant to U.S.S.G. § 2G2.2 Application Note 6(B)(ii), each video is considered to be 75 images.

expose the "group" that Randall referenced in the seized chat have been unsuccessful thus far. Indeed, it was only the fortuitous investigation into one of the users Randall traded with that led to the discovery of Randall's crimes at all. Randall's increased sophistication thus aggravates his offense.

Receipt and distribution of child pornography are not victimless crimes. *See United States v. Blinkinsop*, 606 F.3d 1110, 1118 n. 7 (9th Cir. 2010). All of the children depicted in Randall's collection were victimized by Randall's actions. Previous victims of child pornography have described - in detail - the pain that they suffer based upon the distribution and possession of images and videos of their abuse by individuals, like Randall. Images of child pornography depict the worst and most intimate days of a child's life - the day that they were raped, tortured, assaulted, and/or abused by another. Often this abuse comes from someone the victim trusted - like a father, uncle, friend or coach. It should not be forgotten that while Randall did not himself physically abuse these victims, he possessed the videos and images of their abuse for his own sexual gratification. Because of him and others like him, there is a market for these images without which the abuse would have ended at the time the abuser stopped abusing the victim. In this way, child pornography is the worst type of exploitation because it is never ending and extends the abuse *ad infinitum*. Victims have to live knowing that their abuse is being shared online to satisfy the sexual desires of individuals like Randall who seek it out and also make it available to others.

There is little question that the crimes of receipt and distribution of child pornography are serious. Congress and the United States Supreme Court have found that the prevention of sexual exploitation and abuse of children constitutes a government objective of great importance because of the psychological and physical effects such

abuse has on children and their families. *See id.* at 1117. Moreover, child pornographers use depictions of children engaged in sexual acts to show their victims that because other children do it, they should also participate. Additionally, research and experience also tells us that there is a fine line between those who view child pornography, and those who eventually act out what they have seen by sexually molesting children.

Sentencing Randall to 136 months adequately holds Randall responsible for his actions, protects the public, promotes respect for the law, and will deter Randall and others from committing the same sort of crime.

A complete consideration of Randall's history and characteristics and the need to avoid unwarranted sentencing disparities justifies no greater variance than that proposed in the PSR. Congress enacted the PROTECT Act in 2003 to enhance the penalties for crimes involving the sexual exploitation of children. Congress also sought to restrict the ability of courts to grant downward departures in cases of sexual exploitation of children. The Commentary to U.S.S.G. § 5K2.0 explains that the standard for a downward departure in child crimes and sexual offenses differs from the standard for other departures in that it includes a requirement "that any mitigating circumstances that form the basis for such a downward departure be affirmatively and specifically identified as a ground for downward departure." Commentary to §5K2.0, Scope of Policy Statement 4(B)(I).

Congress, the Supreme Court, and the Sentencing Commission also believe deterrence is a very important factor when dealing with this issue. *United States v. Irey*, 612 F.3d 1160, 1206 (11th Cir. 2010) (citing *Ferber*, 458 U.S. at 760) As explained in *United States v. Goldberg*, 491 F.3d 668, 672 (7th Cir. 2007):

> Young children were raped in order to enable the production of the pornography that the defendant both downloaded and uploaded-both consumed himself and disseminated to others. The greater the customer demand for child pornography, the more that will be produced. Sentences influence behavior, or so at least Congress thought when in 18 U.S.C. § 3553(a) it made deterrence a statutory sentencing factor. The logic of deterrence suggests that the lighter the punishment for downloading and uploading child pornography, the greater the customer demand for it and so more will be produced.

Randall's actions are serious and a 136-month sentence will provide the deterrent effect that Congress, the Supreme Court and the Sentencing Commission consider to be very important, while also accounting for his history and characteristics and the need to avoid unwarranted sentence disparities.

The government's recommendation takes into account Randall's age and the fact that no child pornography was found on his devices at the time of the search warrant. The government's recommendation also takes into account its own willingness to prolong the conclusion of this proceeding in order for Randall to complete his college degree. The fact that Randall, at the government's urging, has received some counseling to address the underlying issues that prompted him to commit the crime, also supports the need for some variance.

The proposed 136-month sentence is also consistent with other recent sentences for child-pornography related offenses in this district:

///

///

///

///

///

| Name | Charge | Date Sentenced | Post Plea Offense Level (Guideline) | Sentence Imposed |
|---|---|---|---|---|
| U.S. v. Gordon, 2:15-cr-186-JCM-NJK | Receipt | 11/7/2016 | 26 (63-78 mos.) | 70 months + Lifetime SR |
| U.S. v. Askren, 2:14-cr-314, GMN-GWF | Receipt | 5/1/2017 | 31 (108-135 mos.) | 120 months + 35 years SR |
| U.S. v. Anderson, 2:18-cr-85-JCM-CWH | Receipt / Distribution | 8/7/2018 | 29 (87-108 mos.) | 70 months + Lifetime SR |
| U.S. v. Humphries, 2:14-cr-279-APG-VCF-1 | Receipt / Distribution | 3/6/2019 | 37 (210-240 mos.) | 210 months + Lifetime SR |
| U.S. v. Warwick, 2:18-cr-380-APG-NJK | Distribution | 6/13/2019 | 31 (108-135 mos.) | 108 months + Lifetime SR |
| U.S. v. Busby, 2:15-cr-353-GMN-NJK | Receipt | 8/12/2019 | 30 (97-121 mos.) | 121 months + 45 years SR |
| U.S. v. Jackson, 2:17-cr-336-KJD-CWH | Receipt / Distribution | 11/26/2019 | 34 (151-188 mos.) | 108 months + Lifetime SR |
| U.S. v. Collings, 2:19-cr-311-JCM-DJA | Receipt | 6/26/2020 | 29 (87-108 mos.) | 87 months + Lifetime SR |

In *Gordon, Askren, Anderson, Warwick, Busby, Jackson,* and *Collings*, the defendants pleaded guilty to and were convicted of the same offense to which Randall has pleaded guilty. Five of those seven defendants were sentenced within the guidelines after the parties agreed and accounted for a two or three-level downward variance. *Gordon*, 2:15-cr-186 at ECF No. 38 (equivalent of a three-level variance);

*Askren*, 2:14-cr-314 at ECF No. 106 (equivalent of a two-level variance); *Warwick*, 2:18-cr-380 at ECF No. 32 (equivalent of a three-level variance); *Busby*, 2:15-cr-353 at ECF No. 114 (equivalent of a two-level variance); *Collings*, 2:19-cr-311 at ECF No. 5 (agreed upon three-level variance). In *Anderson*, the parties agreed to a sentence that was equivalent to a four-level variance. 2:18-cr-85 at ECF No. 6. In *Jackson*, the court sentenced the defendant to the equivalent of a three-level variance from the guidelines. 2:17-cr-336 at ECF No. 51.

  Here, just as in most of the cases identified in the above table, the government recommends a downward variance from the applicable guideline range, this time a four-level variance, to achieve the 136-month sentence that the government and probation jointly recommend. In fact, a four-level variance is greater than the variance in six of the above cases, and is equivalent to the seventh case's variance. No greater variance is warranted.

  In comparison, the defendant in *Humphries* was convicted of *Receipt and/or Distribution of Child Pornography* after a trial. The defendant in *Humphries* faced the same offense level and guideline range that Randall is currently facing. The defendant in *Humphries* was discovered through a peer-to-peer investigation and confessed to investigators. 2:14-cr-279 at ECF No.233. However, Humphries opted to take the case to trial, claim his innocence, violate his pretrial release conditions, and delay the administration of justice. *Id*. Because of his lack of mitigation, the defendant was sentenced to the low end of the guideline range without any variance.

  Taking into account the nature and circumstances of this case, the nature and circumstances of this offender, and comparable sentences for similarly situated defendants, a downward variance to achieve an aggregate sentence of 136 months is

13

warranted. No further variance is justified. A 136-month sentence is sufficient but not greater than necessary to protect the public, promote respect for the law, and to deter this defendant and others from committing the same sort of crime.

### C. Restitution

This Court has received documents in connection with identified victims of the "Vicky," "Tara," "8kids," "At school," "SpongeB," "Jenny," and "Sweet Sugar" series. At least one file of child pornography from each of these series was found within the links Randall received and distributed. Therefore, Randall's actions of receiving and distributing these child pornography images and videos extended each of the victims' abuse and the injuries they suffer as a result. The government and Randall previously agreed to the below restitution amounts under the expectation that Randall would pay the amounts either before or at the time of sentencing:

| | |
|---|---|
| Lily (Vicky): | $3,000 |
| Tara: | $500 |
| John Doe IV (8kids): | $500 |
| Violet (at school): | $3,000 |
| Jenny: | $1,500 |
| Pia (Sweet Sugar): | $3,000 |
| Andy (SpongB): | $1,500 |

Under *Paroline v. United States*, 572 U.S. 434 (2014), the government respectfully requests that the Court order Randall to pay restitution as detailed above, for a total amount of $13,000, as a result of his crimes.

**D. Supervised release**

The government concurs with the recommendation of the Probation Office that Randall be subject to a lifetime term of supervised release. Lifetime supervision serves the purpose of helping Randall stay accountable and continue to receive sex offender and mental health treatment after his release from custody and ensures the community of proper supervision. Thus, the government also respectfully requests a lifetime term of supervised release with the conditions of release as set forth in the PSR.

### IV.   Conclusion

Based on the foregoing, the government respectfully requests Randall be sentenced to term of incarceration for **136 months**, followed by lifetime supervision, with all of the conditions proposed in the Presentence Investigation Report.

**DATED** this 12th day of August, 2020.

Respectfully Submitted,

NICHOLAS A. TRUTANICH
United States Attorney

*/s/ Bianca R. Pucci*
BIANCA R. PUCCI
Assistant United States Attorney