UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:18-CR-303 JCM (EJY) |
| Plaintiff(s), | ORDER |
| v. | |
| DUSTIN RANDALL, | |
| Defendant(s). | |

Presently before the court is the government's motion to strike defendant's sentencing exhibits. (ECF No. 100). Plaintiff responded, (ECF No. 101), to which the government replied, (ECF No. 104).

The government initially requested to strike two of defendant's sentencing exhibits: 1) the psychological evaluation by Joseph E. McEllistrem for lack of appropriate disclosure, and 2) parts of the computer forensics report by Daniel R. Meinke for impermissibly presenting lay testimony as expert testimony. (ECF No. 100). In response, defendant disputed the government's claims, but out of caution, requested to continue his sentencing so that counsel could arrange for Dr. McEllistrem's testimony. (ECF Nos. 102). This court granted the defendant's motion to continue. (ECF No. 103). Given that defendant intends to call Dr. McEllistrem as a witness, the government withdrew its opposition to the psychological evaluation with the intention of re-raising the issue when appropriate. (ECF No. 104).

The government maintains its position that Mr. Meinke's report should be stricken in part. (*Id.*). In his computer forensics report, Mr. Meinke disputes and "writes his own contrary descriptions of the child pornography files, attempts to discern Randall's intent, and asserts opinions as to the meaning behind Randall's messages in the Kik chat." (*Id.*). Specifically,

**James C. Mahan**
**U.S. District Judge**

defendant's computer forensics expert makes observations upon viewing the pornography such as: "I did not see evidence of the dog . . . ," and "[a]lthough she is young looking, to state that she is prepubescent, or even a minor, based on the angle of the photograph is misleading." (ECF No. 97).

The government claims that this testimony impermissibly violates Federal Rule of Evidence 702, because Mr. Meinke's observations are outside the purview of his expertise. *See* Fed. R. Evid. 702. However, this court is not bound by the Federal Rules of Evidence at sentencing. *See* 18 USC § 3661; USSG § 6A.3(a). The government has not provided authority otherwise. (ECF No. 104).

This court declines the government's request, but duly notes that Dr. Meinke is no expert in many of the statements he makes. His statements on the disputed subjects that are outside of his area of expertise will be given little weight and may be stricken. The parties may present their arguments and evidence accordingly.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the defendants' motion to suppress (ECF No. 100) be, and the same hereby is, DENIED.

DATED September 10, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -